## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| TC HULETT, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   No. 4:22-CV-1270 PLC |
| CONCRETE STRATEGIES, et al., | ) ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This closed case is before the Court on self-represented plaintiff TC Hulett, Jr.'s motions to reopen case, appoint counsel, and proceed *in forma pauperis*. ECF Nos. 5-7. For the reasons discussed below, the Court will reopen this matter, deny plaintiff's request for counsel at this time, and grant him leave to proceed in this civil action without the prepayment of fees or costs. Plaintiff will be ordered to provide the Court with the information necessary for defendants to be properly served.

### Background

On November 29, 2022, plaintiff filed this civil suit on a Court-provided form against his former employer, Concrete Strategies, and his former supervisor, John Unknown, pursuant to 42 U.S.C. § 1981. ECF No. 1. Plaintiff alleged he was "harassed, bullied, and subjected to a pattern of racial harassment" because he is African American. He asserted he was "called racial slurs" and "cursed out many times." He claimed John Unknown threatened to "beat [his] ass," threw rocks at him, attempted to "blow the concrete pump up in [his] face," and tried to run him off the road. Despite reporting his supervisor's actions, plaintiff asserted defendant Concrete Solutions did not act to stop the harassment. For relief, plaintiff sought "attorney's fees and costs [of] emotional

distress damage."

On December 1, 2022, the Court issued a Memorandum and Order directing plaintiff to either submit a motion for leave to proceed *in forma pauperis* or pay the Court's $402 filing fee. ECF No. 3. Local Rule 2.01 authorizes the Clerk of Court to refuse to receive any pleadings "until the applicable statutory fee is paid, except in cases accompanied by a completed application to proceed in forma pauperis." E.D. Mo. L.R. 2.01(B)(1). Consequently, plaintiff was sent a copy of a blank 'Application to Proceed in District Court without Prepaying Fees or Costs' form. Plaintiff had thirty days to comply, and was warned that his failure to do so would result in dismissal of this action without prejudice. On January 13, 2023, the Court dismissed this action pursuant to Fed. R. Civ. P. 41(b) for plaintiff's non-compliance. ECF No. 4.

On February 9, 2023, less than one month after this case was closed, plaintiff filed the instant motion to reopen. ECF No. 5. Plaintiff explains his reasons for non-compliance as follows:

> I was hospitalized Nov 4, 2022. I am homeless and suffering from catastrophic injury and damage to my visual system. I never received letters from the court until last week due to mail carrier shortage and because I have not been at that address due to trying to get help to recover from injuries that are life-altering. This catastrophic injury has affected my life in many ways and I will try my best to stay on top of things as I heal. . . . Also, I would like to be added to the electronic filing system to keep up with fil[]ings on my case.

*Id.* at 1. Accompanied with his motion to reopen this matter is a request for appointment of counsel and an application to proceed *in forma pauperis*. ECF Nos. 6-7.

**Discussion**

This action was dismissed on January 13, 2023 because plaintiff failed to timely pay the Court's $402 filing fee or file a motion for leave to proceed *in forma pauperis* within thirty days of the Court's December 1, 2022 Memorandum and Order. Indeed, the Court gave plaintiff more

2

than thirty days, but received no response. According to plaintiff, he did not receive the Court's Memorandum and Order due to "mail carrier shortage" and because he was residing elsewhere in order to recover from an injury that required hospitalization. As such, he appears to assert that his non-compliance was not his fault.

For good cause found, the Court will grant plaintiff's request to reopen this matter. The Court will, therefore, vacate its January 13, 2023 order, which dismissed plaintiff's case without prejudice. The Court warns plaintiff, however, that "*pro se* representation does not excuse a party from complying with the Court's orders and with the Federal Rules of Civil Procedure." *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996).

Because plaintiff is self-represented, he cannot be added to this Court's electronic filing system, but he may request a copy of the docket sheet from the Clerk of Court at any time throughout this litigation. As the individual bringing this lawsuit, it is plaintiff's sole responsibility to regularly check his mail and timely respond to Court orders and deadlines. In the event plaintiff experiences a change of address, Local Rule 2.06(B) requires him to promptly notify the Clerk of Court within thirty days.

The Court has reviewed the complaint pursuant to 28 U.S.C. § 1915. Under § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. The elements of a § 1981 claim are "(1) membership in a protected class; (2) the intent to discriminate on the basis of race on the part of the defendant; and (3) discrimination interfering with a protected activity." *Daniels v. Dillards, Inc.*, 373 F.3d 885, 887 (8th Cir. 2004). Here, plaintiff alleges he was employed by defendants, he is a member of a protected class, and the actions of defendants were done with an intent to

3

discriminate against him on the basis of his race. At this initial pleading stage of the litigation, the Court finds plaintiff's race discrimination allegations against defendants survive initial review under 28 U.S.C. § 1915(e)(2)(B).[1]

Pursuant to 28 U.S.C. § 1915(d), the Court "shall issue and serve all process" for litigants who are granted leave to proceed *in forma pauperis*. Having reviewed plaintiff's financial affidavit, the Court will grant plaintiff's request to proceed *in forma pauperis* and require the United States Marshal's Office to provide service of process to defendants. The plaintiff has not, however, provided an address at which service can be effectuated for Concrete Strategies or John Unknown.[2] *See* ECF No. 1 at 1-2. Thus, plaintiff will be given twenty-one (21) days to provide the Court with the address(es) where defendant Concrete Strategies and defendant Supervisor John Unknown may be served in accordance with Federal Rule of Civil Procedure 4. To ensure proper service is made, plaintiff is also directed to inform the Court of the last name of Supervisor John.

## Motion for Appointment of Counsel

Plaintiff has filed a motion to appoint counsel. ECF No. 6. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of

---

[1] The Court cautions plaintiff that this is only a preliminary determination based solely on the allegations contained in the complaint. This is not a determination of the merits of his claim or potential defenses thereto.

[2] The Court independently attempted to discover the address for defendant Concrete Solutions via the Missouri Secretary of State's website; however, a search revealed multiple businesses with the name "Concrete Strategies."

4

the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. This case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present his claims to the Court. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reopen this case [ECF No. 5] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Order of Dismissal entered on January 13, 2023 is **VACATED** and the instant matter is **REOPENED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 7] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 6] is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff shall provide the Court, in writing, **within twenty-one (21) days of the date of this Order**, the address of defendant Concrete Strategies, so

that service can be effectuated.

**IT IS FURTHER ORDERED** that plaintiff shall provide the Court, in writing, **within twenty-one (21) days of the date of this Order**, the proper name and address of defendant Supervisor John Unknown, so that service can be effectuated.

**IT IS FURTHER ORDERED** that plaintiff's failure to provide the proper name and address for defendants within twenty-one (21) days of the date of this Memorandum and Order may result in the dismissal of either or both defendants from this action, without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the docket sheet.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 19th day of April, 2023